**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **LAURA MAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 08-758-GPM** |
| | ) | |
| **SAINT LOUIS UNIVERSITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

The Court, on its own motion, has reviewed the complaint in the present case to determine whether it has subject matter jurisdiction. Under Federal Rule of Civil Procedure 12(h)(3), this Court is obligated to review its own jurisdiction *sua sponte. See Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction"); *see also Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989). In light of Seventh Circuit Court of Appeals opinions, *see, e.g., Smith v. American Gen'l Life and Accident Ins. Co.*, 337 F.3d 888 (7th Cir. 2003); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445 (7th Cir. 2000); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992) (per curiam), this Court has undertaken a more rigorous initial review of complaints to ensure that jurisdiction has been properly pleaded.

Plaintiff brings this action under 28 U.S.C. § 1332 for personal injuries allegedly sustained when she presented at Defendant's facility for medical treatment. Plaintiff originally named Saint Louis University Hospital as Defendant but now has moved to amend by interlineation to name Saint

Louis University as the correct defendant. The complaint states: "Saint Louis University Hospital, was a corporation, authorized and doing business in the State of Missouri, when they, by and through their agents, servants and employees assumed the care of plaintiff, Laura May." This allegation does not allege Defendant's state of incorporation and principal place of business as required to determine its citizenship under 28 U.S.C. § 1332(c)(1). Moreover, Plaintiff's motion to amend states nothing about the citizenship of Saint Louis University, other than noting in the caption that it is a corporation.

Although it seems likely that Plaintiff will be able to establish jurisdiction by more appropriate allegations, "subject matter jurisdiction must be a matter of certainty and not of probabilities." *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995).[1] Accordingly, Plaintiff's motion to amend (Doc. 5) is **GRANTED in part and DENIED in part**. Pursuant to 28 U.S.C. § 1653, Plaintiff is **ORDERED** to file an Amended Complaint **on or before December 1, 2008**, to set forth Defendant Saint Louis University's citizenship, *i.e.*, its state of incorporation and principal place of business. If Plaintiff fails to file an Amended Complaint in the manner and time prescribed or if, after reviewing it, the Court finds that Plaintiff cannot establish federal subject matter jurisdiction, the Court will dismiss the action for lack of jurisdiction. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "[l]itigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear"); *see also Belleville Catering Co. v. Champaign Mkt.*

---

[1]The Court finds Plaintiff's allegations sufficient to establish the amount in controversy requirement.

*Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money.").

**IT IS SO ORDERED.**

DATED: 11/14/08

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge