# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAURA MAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-758 -GPM |
| | ) |
| SAINT LOUIS UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Laura May brought this diversity action against Defendant Saint Louis University ("SLU") on October 29, 2008. She claims that SLU negligently administered Phenol by inhalation instead of a local anesthetic in preparation for an endoscopic procedure, resulting in disability, among other things. May, a citizen of Illinois, received the treatment at corporate Defendant's hospital in St Louis, Missouri. On December 23, 2008, Defendant filed a motion to dismiss for improper venue, or alternatively to transfer to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. §1404 (*see* Doc. 8).

Rule 12(b)(3) states that improper venue is a basis for a motion to dismiss. *See* FED. R. CIV. P. 12(b)(3). The general venue statute allows three possible venues in a diversity of citizenship case, the third of which is inapplicable to this case.[1] Subsection (1) allows the action

---

1. Subsection (3) permits venue in "a judicial district in which any defendant is subject to personal jurisdiction … if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a)(3).

to be brought in "a judicial district where any defendant resides, if all defendants reside in the same state," and subsection (2) permits venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." 28 U.S.C. § 1391(a)(1)-(2). Section (c) provides that "[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in *any* judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c) (emphasis added). Neither party has disputed that SLU, a corporation, has the minimum contacts sufficient to subject it to personal jurisdiction in the Southern District of Illinois (*see* Docs. 8, 9, 13, 14); therefore, the Southern District of Illinois is a permissible venue under § 1391(a)(1).

A district court may transfer a civil action "to any other district or division where it might have been brought" when it is convenient for the parties and witnesses or in the interest of justice to do so. 28 U.S.C. § 1404(a). When deciding a motion to transfer, the Court must specifically analyze whether transfer is warranted (1) for the convenience of the parties; (2) for the convenience of the witnesses; and (3) in the interest of justice. *See Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 302 (7th Cir. 1955). Although limited by these three factors, the Court has broad discretion in deciding whether to transfer a case. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981). This Court is mindful that a plaintiff's choice of forum should not be "lightly set aside." *Igoe*, 220 F.2d at 302. In other words, a plaintiff's choice of forum is entitled to great deference, and it is assumed that a plaintiff's choice of forum is convenient. *Reyno*, 454 U.S. at 255-56.

As the movant, SLU bears the burden of showing that the transferee forum is clearly more convenient. *See, e.g., Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986);

*FDIC v. Citizen Bank & Trust Co.*, 592 F.2d 364, 368 (7th Cir. 1979). The Court finds that SLU has not met its burden. Neither the parties nor their witnesses will be inconvenienced by Plaintiff's choice of forum. According to mapquest.com, the courthouse for the Southern District of Illinois is located 3.33 miles from the courthouse for the Eastern District of Missouri, requiring approximately seven minutes of travel time.[2] This short distance can hardly be described as an "inconvenience." "The 'interests of justice' is a separate component of a § 1404(a) transfer analysis," which includes the familiarity of the federal judge trying a diversity case with the applicable state law. *Coffey*, 796 F.2d at 220-21. Defendant contends that "Missouri law would unquestionably apply" (Doc. 9 at p. 5). Assuming, arguendo, that Defendant is correct, this Court is well acquainted with Missouri law. Furthermore, the issues of law in this medical malpractice suit are unlikely to be novel or complex. Thus, Defendant has not met its burden of persuasion that the transferee forum is clearly more convenient.

For the foregoing reasons, Defendant's motion (Doc. 8) is **DENIED**.

**IT IS SO ORDERED.**

DATED: 03/03/09

                                   s/ *G. Patrick Murphy*
                                   G. PATRICK MURPHY
                                   United States District Judge

---

2. It is perhaps worth noting that the Melvin Price Federal Building and U.S. Courthouse in East St. Louis, Illinois, offers more convenient parking and quicker building access than the Thomas F. Eagleton Courthouse in St. Louis, Missouri.